This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**No. 34,168 & 34,228**
**(consolidated)**

**CODY RUIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Templeman & Crutchfield, PA
Barry C. Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant Cody Ruiz appeals from his judgment and sentence, entered pursuant to a plea agreement, convicting him of two counts of homicide by vehicle pursuant to NMSA 1978, Section 66-8-101 (2004). Persuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to reverse. In response to our notice, the State has filed a memorandum in opposition. Having considered these submissions, we reverse the district court's finding that the two counts of homicide by vehicle were "serious violent offenses" and remand to the district court to reconsider this issue and enter findings, if necessary.

{2}    This Court's proposed disposition explained that while a district court may deem a discretionary offense under the Earned Meritorious Deductions Act (EMDA), NMSA 1978, Section 33-2-34 (2006), a "serious violent offense," it may do so only if it makes sufficient findings supporting such a designation. *See State v. Loretto*, 2006-NMCA-142, ¶¶ 11-14, 140 N.M. 705, 147 P.3d 1138. Because the district court in this case failed to make the necessary findings, we proposed to reverse the EMDA portion of Defendant's sentence. In response, the State concedes that findings are required and that the district court failed to make any, but asserts that the appropriate remedy is "a remand to the district court for reconsideration of the issue" not "outright reversal."[MIO 4-5]

**{3}** We appreciate the State's efforts to clarify the appropriate remedy, and agree with the State that the EMDA portion of Defendant's sentence should be reversed and this case should be remanded to the district court to reconsider this issue, and if the district court again determines that the "serious violent offense" designation is warranted, the court should make the necessary findings. *See State v. Morales*, 2002-NMCA-016, ¶¶ 18-19, 131 N.M. 530, 39 P.3d 747, *abrogated on other grounds by State v. Frawley*, 2007-NMSC-057, ¶ 36, 143 N.M. 7, 172 P.3d 144; *Loretto*, 2006-NMCA-142, ¶¶ 21-22.

**{4}** We conclude that while there could be a factual basis to support the determination that the offenses in this case should be designated serious violent offenses under the EMDA, the district court's failure to make such findings warrants reversal. For the reasons stated above and in our calendar notice, we reverse and remand this case to the district court for proceedings consistent with this opinion.

**{5}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

3

**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**